IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | CASE NO.: CR-23-169 |
| JOHN FITZGERALD MCCARROLL | * | |

**POSITION ON SENTENCING FACTORS AND OBJECTIONS TO PSI**

COMES NOW, the undersigned, by and on behalf of the Defendant, and submits this his objections to the PSI and position on sentencing factors. At the outset, the undersigned would request the court note the following objections to the PSI.

1. John McCarroll objects to paragraphs 12, 13, 14, 15, and 16 as they allege facts and matters related to the theft of a 2010 Nissan Altima and subsequent travel by Defendants Derks and Rouser to Mississippi and said stolen car whereafter rouser was alleged to have shot victim NC.

2. The basis of Mr. McCarroll's objection is that there was no evidence at trial linking him to these acts by Rouser and/or Derks and that same should not be considered at his sentencing as there was no factual nexus tying him to these events or that he directed same to occur in any way or manner. Therefore, Defendant McCarroll objects to the inclusion of these purported facts in his PSI as they should not be considered relative to his sentence based on the fact that there was little to no evidence linking him to the events or that he directed same.

3. Defendant McCarroll objects to paragraph 18 in that it states that the video showed Rouser firing a fully automatic pistol. The video at trial did not demonstrate Rouser

1

actually firing the shots. Therefore, Defendant McCarroll objects to this declaration in paragraph 18.

4. Defendant McCarroll objects to paragraphs 22, 23, 24, 25, 26, and 27 as Defendant McCarroll was not present for the shooting at Walmart and there was no evidence at trial that he directed same, nor was there any competent evidence at trial that the foray into Walmart by the individuals that were there was in any way directed or part of the alleged conspiracy McCarroll was convicted of. On that basis, Defendant McCarroll objects to the inclusion of the factual accounts referenced in the following in paragraphs 22 through 27.

5. Defendant McCarroll objects to paragraph 40 as there was no evidence at trial that the Defendant willfully obstructed or impeded in any material way the administration of justice or that he attempted to conceal a firearm which was in any way relevant or material to the case at hand. Defendant objects on this basis and the purported adjustment for obstruction of justice.

6. Defendant objects to the multiple two-point enhancements/adjustment for his alleged role in the offense. In paragraphs 46 and 52 Defendant McCarroll is given a two-point adjustment for an organizer/leader role in the offense. However, these are for the same counts. The undersigned submits that if an adjustment is necessary, it should be only one two-point adjustment and not successive two-point adjustments for each victim the same count.

7. Defendant McCarroll objects to paragraph 53 as to the adjustment for obstruction of justice as of force. There is no evidence that Defendant McCarroll did in a material way obstruct justice or otherwise impede the administration of justice.

8. Defendant McCarroll objects to paragraph 57 as there was no evidence of an offer of anything of pecuniary value for the undertaking of the murder; therefore, Defendant objects to the four-point enhancement.

9. Defendant McCarroll objects to paragraph 59 as it seems a duplicitous two-point adjustment for again being an alleged organizer or leader. However, there is already a two-point adjustment in the PSI for this count. Therefore, McCarroll objects to a successive two-point adjustment for the same count.

10. Similarly, Defendant McCarroll objects to paragraph 60 as there was no evidence that Defendant willfully obstructed justice.

11. Defendant McCarroll objects to paragraph 64 as there is no evidence that there was an offer of anything of pecuniary value for the undertaking of the murder. Therefore, Defendant objects to a four-point enhancement.

12. Defendant McCarroll objects to paragraph 66 as it seems to be a two-point adjustment where one has already been made in earlier paragraphs for the same count. Defendant objects to paragraph 67 on the grounds that again, he did not impede or attempt to obstruct or impede the administration of justice and there was no evidence of same in the trial.

13. Defendant McCarroll objects to the four-point enhancement in paragraph 71 as again the Defendant is of the position there was no pecuniary offer proven for the undertaking of the murder.

14. Defendant objects to paragraph 73 for the two-point enhancement as again for Count One two-point enhancements have been made apparently for each victim. The defendant submits this is improper as there should be only one adjustment per conviction not for each victim.

15. Defendant objects to paragraph 74 as there is no evidence the Defendant obstructed justice or attempted to do so.

16. Defendant objects to paragraph 78 as there was no evidence of any offer or receipt of pecuniary value for the undertaking of the murder. Therefore, the four-point enhancement is inappropriate and is objected to.

17. Defendant objects to paragraph 80 as this is another two-point enhancement under the same count based on there being multiple victims and the undersigned submits this is inappropriate as there should be only one two-point enhancement for the role in the offense as it is all charged in the same count.

18. Defendant objects to paragraph 81 as it provides an enhancement for obstruction of justice and the defendant did not do so. Similarly, Defendant McCarroll objects to paragraph 85 on the four-point enhancement in that as there was not any offer of pecuniary value for the undertaking of the murder proved by trial.

19. Defendant McCarroll objects to paragraph 87 for a successive multiple two-point enhancement under, again, Count One. Further, Defendant McCarroll objects to

paragraph 88 as he did not obstruct justice and there was not even any allegation of him obstructing justice in regard to the acts in which the enhancement is recommended.

20.    Defendant objects to paragraph 85 as there was no offer of anything of pecuniary value for the undertaking of the murder proven at trial. Defendant objects to paragraph 87 as this appears to be another successive of two-point enhancement in the same count. There should be only, at best, one enhancement for a single conviction.

21.    Defendant McCarroll objects to paragraph 88 as he did not obstruct justice in regard to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the Defendant's offense of conviction and any relevant conduct, nor was it alleged to. Defendant objects as there was no evidence at trial that the Defendant impeded or attempted to impede the administration of justice related to this count at trial.

22.    Defendant objects to paragraph 92 as there was no quid quo proven at trial related to the undertaking of the murder.

23.    Defendant objects to paragraph 94 as it is a cumulative adjustment under the same count based on there being another victim and the undersigned respectfully submits this is inappropriate as there should only be one two-point enhancement at best per count not per victim.

24.    Defendant objects to paragraph 95 as stated, there was no evidence of the Defendant actually obstructing justice at trial.

25.    Defendant objects to paragraph 99 as there was no quid quo related to the undertaking of the murder or attempted murders at trial.

26. Defendant objects to paragraph 101 as yet another success of two-point enhancement under the same count. There should at best be only one two-point enhancement if merited.

27. Defendant objects to paragraph 102 as the Defendant did not obstruct justice based on the following objections.

28. Defendant objects to paragraph 106 as it does not appear to be in compliance with the guidelines.

29. Defendant objects to paragraph 107 given his other objections related to some of the enhancements. The offense level should be lower, depending on which objections are sustained or how they are ruled on by the Court.

## DEFENDANT'S MOTION FOR VARIANCE FROM HIS CRIMINAL HISTORY SCORE

The Defendant has precisely four convictions for misdemeanors, which comprise all of the points for the purpose of establishing his criminal history score. According to the PSI, Defendant's criminal history score is five, which establishes a criminal history category of three. The Defendant's convictions are contained in paragraphs 15 through 18 of the PSI inclusive. (Doc. 560).

The latest conviction is 12 years old. The convictions are for use and possession of drug paraphernalia (2012), no pistol permit. (2012) (granted youthful offender status), a conviction for reckless endangerment 2013, and finally, a conviction for menacing which charge arose in 2013. (Doc. 560 115 through 118 PSI inclusive)

At the outset, the Defendant hereby objects to the inclusion of the conviction contained in paragraph 16, as it is not a conviction, but a youthful offender adjudication according to the PSI. Therefore, since it is not a conviction, same should not be used to enhance his criminal history score, Defendant objects to its inclusion on these grounds.

Further and again, all of the convictions referenced are for misdemeanors and are well over 10 years old. The Defendant submits that a criminal history category of three does not fairly represent the extent or seriousness of the Defendant's criminal history and that same as "overrepresented." The Defendant hereby moves for a variance of his criminal history category of three based on the fact that they are misdemeanors and due to their age.

The undersigned would respectfully submit that a criminal history category of one or two would be more appropriate and more fairly reflect the seriousness of his criminal history.

## DEFENDANT'S PERSONAL CHARACTERISTICS

Defendant was approximately 26 years old at the time of the offenses. (Doc. 560 ¶25). He is the product of divorced parents which occurred when he was 10 years old. (Id.) His father is disabled. His mother is a school traffic officer. (Id.) The Defendant has three children, ages nine, five, and four. The Defendant describes his upbringing/childhood as rough and referred to violence in the streets. (Id.) The PSI and the Defendant's criminal history reflect that indeed the Defendant grew up in the midst of significant street violence and had to learn at an early age how to survive in such an atmosphere.

The Defendant has a high school diploma. (Id. ¶133). Despite his troubled upbringing, the Defendant was a successful self-employed truck driver who, according to testimony at trial, excelled at it. (Id. ¶135).

The Defendant clearly has the capacity to be a productive member of society based on this history. Notably, the government is requesting substantial restitution for the victims in the amount of almost $1.25 million. A sentence of life will virtually guarantee that that restitution will never be satisfied. The Defendant with his job skills and history would have the ability to pay the restitution at some point, if a sentence is imposed which allows him some productive years left in his life. Of course, a life sentence would eliminate this possibility. Still, a hefty sentence could be imposed against the Defendant, which would adequately punish him and deter future conduct, but allow him an avenue to begin making some monetary compensation to the victims in this matter.

Based on the Defendant's personal characteristics, the Motion for Variance regarding his criminal history, and other arguments made in the brief regarding whether a life sentence is mandatory, the undersigned would respectfully submit that a sentence substantially less than life would be appropriate in this case, premises considered.

> Respectfully submitted,
>
> */s/ S. Joshua Briskman*
> S. JOSHUA BRISKMAN (BRISS5912)
> Attorney for Defendant

OF COUNSEL:

BRISKMAN LAW FIRM, LLC
150 Government Street, Suite 1004

Mobile, Alabama 36602
T: 251-486-1298
jbriskman@briskmanlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have on this the 19th day of March 2025 electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification to all parties to this proceeding.

<u>/s/ S. Joshua Briskman</u>
S. JOSHUA BRISKMAN